**Charles Gregory REECE, Plaintiff–Appellant,**

v.

**Terry DICKENSON, et al., Defendants–Appellees.**

**No. 13–16333.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed Feb. 26, 2015.

Charles G. Reece, pro se.

Misha Igra, Esquire, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Charles Gregory Reece appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging access-to-courts and due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe v. Abbott Labs.,* 571 F.3d 930, 933 (9th Cir.2009), and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed Reece's due process claim as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Reece challenged disciplinary proceedings and the resulting loss of good time credits. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (inmate's § 1983 action is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 645–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (challenge to loss of good-time credits not cognizable under § 1983).

The district court properly granted summary judgment on Reece's access-to-courts claim against Dickenson because Reece failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of Dickenson's alleged misconduct in processing his prison appeal. *See Lewis v. Casey*, 518 U.S. 343, 349–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (setting forth actual injury requirement); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir.2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.